```
                                                          USDC SDNY
                                                          DOCUMENT
UNITED STATES DISTRICT COURT                              ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                             DOC #:_____
------------------------------------------------------ X  DATE FILED: 08/26/2020
  UNITED STATES OF AMERICA                           :
                                                     :
          -against-                                  :    19-CR-862 (VEC)
                                                     :
                                                     :    ORDER
  RAIMUNDO NIEVES,                                   :
                                                     :
                              Defendant.             :
------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

    WHEREAS on June 30, 2020, Mr. Raimundo Nieves moved for pretrial release, Dkt. 171;

    WHEREAS Mr. Nieves, due to the nature of his charged offense, faces a rebuttable presumption that no combination of conditions will reasonably assure his appearance or the safety of the community, *see* 18 U.S.C. § 3142(e);

    WHEREAS Mr. Nieves proposes that he be released to his sister's custody, subject to home detention and location monitoring, on a $150,000 personal recognizance bond signed by two financially responsible co-signers, Dkt. 171 at 4–5;

    WHEREAS the Government contends that Mr. Nieves has failed to rebut the statutory presumption, citing Defendant's repeated parole violations and history of violence, including an assault in 2019, a deadly shooting in 1995, and a brief stint as the "Warlord" or "Third Crown" for the Queens branch of the Black Mob, Dkt. 176;

    WHEREAS Mr. Nieves does not dispute his past parole violations, assault charge, manslaughter conviction, or his rank in the Black Mob, *see* Dkt. 185;

    WHEREAS Mr. Nieves cites his asthma condition as another basis for release, pursuant to 18 U.S.C. § 3142(i), *see id.*; and

WHEREAS Mr. Nieves has waived a hearing and requested that his motion be decided on his papers, Dkt. 185 at 1;

IT IS HEREBY ORDERED that Mr. Nieves' motion is denied because he has not rebutted the presumption of dangerousness and has otherwise failed to demonstrate the existence of a compelling reason for his release pursuant to § 3142(i). Since 2009, after completing a 14-year sentence for a deadly shooting, Mr. Nieves repeatedly violated parole, which was revoked on four separate occasions. Dkt. 176 at 4. While on parole, Mr. Nieves rose to the rank of Third Crown in the Black Mob, a violent organization, albeit apparently for only a short period of time. *Id.* at 3. He was then arrested for an assault on August 5, 2019, and has been detained ever since. *Id.* Given Mr. Nieves' propensity for flouting supervision and engaging in violence while on parole, including after serving a lengthy sentence, the Court cannot conclude that any set of pretrial conditions could reasonably assure the safety of the community. Nor has Mr. Nieves made a compelling showing pursuant to § 3142(i). While Mr. Nieves purports to have asthma—which the Government disputes—he does not contend that his condition is severe or uncontrolled; furthermore, Mr. Nieves is 46 and is not a high-risk age group for COVID-19 purposes. Even if the Court credits Mr. Nieves' contention that he has mild or moderate asthma, that condition alone is not a compelling reason for release pursuant to § 3142(i), given his significant history of violence and parole violations.[1] *See, e.g.*, *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (denying release to asthmatic defendant due to history of parole violations and violent acts).

---

[1] To the extent that Mr. Nieves' motion can be construed to include an argument for release based on any inability to review discovery while in custody due to COVID-19-related restrictions, that request is also denied. As the Court concluded when ruling on bail motions brought by Mr. Nieves' co-defendants, no compelling basis exists because the delay is temporary and no deadlines for motions, pleas, or trial have yet been set in this case.

The Clerk of Court is respectfully directed to terminate the pending motions at docket entries 171 and 185.

**SO ORDERED.**

**Dated: July 13, 2020**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**